| | |
|---|---|
| Maurice Jiles, | Case No.: 2:17-cv-01820-JAD-PAL |
| Plaintiff | **Screening Order** |
| v. | **[ECF Nos. 1, 1-1]** |
| Warden Williams, et al., | |
| Defendants | |

Pro se plaintiff and parolee Maurice Jiles brings this civil-rights case under § 1983 for events that allegedly occurred during his incarceration at the Southern Desert Correctional Center (SDCC).[1]  Because he applies to proceed *in forma pauperis*,[2] I screen his civil-rights complaint under 28 U.S.C. § 1915.  I find on screening that Jiles's claim fails as a matter of law.  So, I dismiss the complaint with prejudice and close this case.

## Discussion

### A.    Jiles's pauper application is denied

According to the Nevada Department of Corrections (NDOC) inmate database, Jiles is no longer incarcerated.  Jiles filed an application to proceed *in forma pauperis* for prisoners, but that application is now moot.  I therefore deny the pauper application and, as I discuss in Section C, *infra*, Jiles's claim fails as a matter of law, so my denial is with prejudice.

### B.    Screening standard

The district court must dismiss an action if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who has immunity from monetary liability.[3]  This screening standard applies

---

[1] ECF No. 1-1.

[2] ECF No. 1.

[3] 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

to all actions filed *in forma pauperis*, whether the plaintiff is incarcerated or not.[4]  Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Rule 12(b)(6) of the Federal Rules of Civil Procedure, and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language.  So I apply the same Rule 12(b)(6) dismissal standard when screening a civil-rights complaint filed by a pauper plaintiff.[5]

Review under 12(b)(6) is essentially a ruling on a question of law.[6]  I must accept as true all well-pled factual allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[7]  Pro se allegations are "held to less stringent standards than formal pleadings drafted by lawyers."[8]  A complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level."[9]  "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."[10]  At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face."[11]  "A pro se litigant must be given leave to amend [the] complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies . . . could not be cured by amendment."[12]

---

[4] *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

[5] *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim.").

[6] *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000).

[7] *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

[8] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

[9] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[10] *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice & Procedure § 1216, at 235–36 (3d ed. 2004)).

[11] *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

[12] *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## C.  Screening the complaint

In a single count, Jiles sues Warden Williams, Warden Adams, Law Library Supervisor Smith, and unidentified John and Jane Doe for events that allegedly occurred at the SDCC.[13]  He seeks $1 million in damages.[14]  Jiles's story goes like this:  On May 7, 2014, he was an inmate at SDCC, and he filed a civil action.[15]  A month later, he was informed that a screening order had been entered, but he never received a copy of the order.[16]  So, he claims, he didn't know that his case had been dismissed until a year later.[17]

Jiles asked the law-library supervisor to give him the incoming legal-mail log, but "she gave [him] the run around"[18]—apparently never giving it to him.  He claims that the mail log would allow him to prove that he didn't receive any mail from the courts, and he would be able to get his case reopened.[19]  These allegations are best construed as an access-to-courts claim.

Prisoners have a constitutional right of access to the courts.[20]  To establish a violation of the right of access to the courts, a prisoner must establish that he or she has suffered an actual injury—a jurisdictional requirement that flows from the standing doctrine and may not be waived.[21]  An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim."[22]  Delays in providing legal materials or assistance that result in actual injury are "not of constitutional

---

[13] ECF No. 1-1 at 2–3.

[14] *Id.* at 5.

[15] *Id.* at 3.  That case was 2:14-cv-00712-MMD-NJK.

[16] *Id.*

[17] *Id.* at 4.

[18] *Id.*

[19] *Id.*

[20] *See Lewis v. Casey*, 518 U.S. 343, 346 (1996).

[21] *Id.* at 349.

[22] *Id.* at 348.

significance" if "they are the product of prison regulations reasonably related to legitimate penological interests."[23]  The right of access to the courts is limited to non-frivolous, direct criminal appeals, habeas corpus proceedings, and § 1983 actions.[24]

Jiles filed this case on June 30, 2017, alleging that, on some unidentified date, he was denied access to the legal-mail log, which he wanted to look at to prove that he never received any mail regarding the dismissal of a prior civil-rights action that he had filed in 2014.  And, Jiles attests, if he could prove that he never received that dismissal order, he would be able to reopen his 2014 civil-rights case.  So, Jiles's alleged injury appears to be his inability to reopen that once-dismissed case.

I have reviewed the screening order in that case.  The court dismissed every single one of Jiles's claims with prejudice because amendment would have been futile.[25]  Then Jiles moved for reconsideration of that screening order, emphasizing that he never received the court's screening order.[26]  District Judge Miranda Du denied Jiles's motion because, although it was unfortunate that he didn't receive his mail, "that fact alone [was] not a valid reason for the Court to reopen a case dismissed with prejudice."[27]  Jiles appealed Judge Du's denial to the Ninth Circuit, but his appeal was dismissed for lack of jurisdiction because it was untimely.[28]  This procedural history shows that Jiles is unable to litigate his 2014 claims for several reasons—not one of which was that he was refused access to the legal-mail log.  So, Jiles's alleged injury is no injury at all—it is an unwillingness to accept that his previous action was permanently and irreversibly dismissed.  Jiles failed to demonstrate a basis for reopening his case to Judge Du, and he has failed to demonstrate one to me.  Because the true facts underlying Jiles's claim preclude him from

---

[23] *Id.* at 362.

[24] *Id.* at 353 n.3, 354–55.

[25] *Jiles v. Williams*, 2:14-cv-00712–MMD–NJK, ECF No. 3.

[26] ECF No. 7.

[27] ECF No. 8.

[28] ECF No. 12.

pleading and establishing injury, I find that Jiles has failed to state a colorable right-of-access claim, and I dismiss this action with prejudice.

### Conclusion

Accordingly, IT IS HEREBY ORDERED that Jiles's application to proceed *in forma pauperis* **[ECF No. 1] is DENIED,** and his complaint **[ECF No. 1-1] is DISMISSED with prejudice.** The **Clerk of Court** is directed to **ENTER JUDGMENT accordingly and CLOSE THIS CASE**.

Dated: June 20, 2018

_____
U.S. District Judge Jennifer A. Dorsey